IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AMANDA BRADEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:14-CV-635-WKW |
| ) | [WO] |
| UTILITY TRAILER ) | |
| MANUFACTURING CO., INC., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff brings this action against Defendant Utility Trailer Manufacturing Co., Inc. ("Utility Trailer"), pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001, *et seq*. Before the court is Defendant's Motion to Dismiss Counts Four and Five. (Doc. # 16.) Plaintiff did not file a response to the motion, although permitted to do so under the General Briefing Order (Doc. # 8), thus, indicating that she has "no opposition to the motion" (Doc. # 11, § 6). Upon an independent review of the motion to dismiss, the court finds that it is due to be granted.

### I. JURISDICTION AND VENUE

Subject-matter jurisdiction over Plaintiff's action against Utility Trailer is proper pursuant to 28 U.S.C. §§ 1331, 1132(e). The parties do not contest personal jurisdiction or venue.

## II.  STANDARD OF REVIEW

When evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff.  *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012).  To survive Rule 12(b)(6) scrutiny, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).

## III.  BACKGROUND

Plaintiff Amanda Braden's father died in February 2007, when Plaintiff was thirteen years old.  Plaintiff's father was a long-time employee of Utility Trailer in Enterprise, Alabama, and a participant in his employer's profit sharing plan (the "Plan").  At the time of her father's death, Plaintiff was a fifty-percent beneficiary of her father's Plan funds.

In May 2007, Plaintiff's maternal grandparents, Ray and Ruth Jerkins,[1] filed a petition on Plaintiff's behalf in the Juvenile Court of Coffee County, Alabama, requesting the appointment of a guardian *ad litem* for Plaintiff. The petition requested an order directing the appointed guardian *ad litem* to "take all steps necessary to determine the amounts available for the child, and to petition the Probate Court of Coffee County, Alabama, to name a Conservator for the Estate of the minor child." (Petition (Ex. A to 2d Am. Compl.); *see also* 2d Am. Compl. ¶ 9.) In June 2007, the juvenile court granted the petition and appointed a guardian *ad litem*. (Order (Ex. B to 2d Am. Compl.).)

After reaching the age of majority and having not yet received her fifty-percent share of her father's Plan benefits, Plaintiff obtained the services of an attorney. Acting on Plaintiff's behalf, that attorney requested from Utility Trailer, "the status of the funds belonging to Amanda Braden that were held by Utility Trailer . . . for Richard Lee Braden."[2] (April 25, 2013 letter (Ex. E to 2d Am. Compl.); *see also* 2d Am. Compl. ¶ 15.) In a letter dated April 30, 2013, Utility Trailer responded that "there are no funds belonging to Amanda" in the Plan. (April 2013 letter (Ex. C to 2d Am. Compl.).) Utility Trailer explained:

---

[1] Plaintiff also sues Ms. Jerkins for conversion under state law, invoking the court's supplemental jurisdiction under 28 U.S.C. § 1367. This opinion does not address the state-law claim.

[2] The Plan lists Utility Trailer "as both the Administrator and named fiduciary." (2d Am. Compl. ¶ 7.)

> On June 28, 2007, we received an Order from the Juvenile Court of Coffee County, Enterprise Division, appointing Mr. John F. Grimes, Esq as guardian ad litem. This Order was filed by the court on June 11, 2007; at the request of Mr. Grimes we proceeded to disburse Amanda's share on November 28, 2007 and May 28, 2008. The checks were made payable to Ruth Jerkins FBO Amanda Braden.

(April 2013 letter; *see also* 2d Am. Compl. ¶ 14.) Plaintiff alleges that she is aware of only a single check issued by Utility Trailer. The check is dated December 4, 2007, in the amount of $22,369.72, and, as Plaintiff emphasizes, is payable to "Ruth Jerkins," not "Ruth Jerkins FBO Amanda Braden." (2d Am. Compl. ¶¶ 21–23; *see also* Ex. D to 2d Am. Compl..)

Plaintiff brought this lawsuit against Utility Trailer alleging that it failed to comply with the Plan's requirements, did not pay the "appropriate beneficiary," improperly denied Plaintiff her benefits under the Plan, and breached its fiduciary duties by paying Plan funds to a non-beneficiary and by "delegate[ing] decision-making to the guardian ad litem based upon an Order that did not provide for such authority." (2d Am. Compl. ¶¶ 17, 20, 28–29.) The governing Second Amended Complaint sets forth seven counts against Utility Trailer under ERISA: (1) a claim for benefits under the Plan presumably under 29 U.S.C. § 1132(a)(1)(B) (Count 1); (2) breach of fiduciary duty under § 1132(a)(2) (Count 2); (3) breach of fiduciary duty under § 1132(a)(1)(B) (Count 3); (4) breach of fiduciary duty under § 1132(a)(3) (Count 4); (5) breach of fiduciary duty under 29 U.S.C. §§ 1104 and 1105 (Count 5); (6) removal of Defendant as a fiduciary with respect to the plan

4

under 29 U.S.C. § 1109 (Count 6); and (7) an award of attorney's fees under 29 U.S.C. § 1132(g) (Count 7). In the "prayer for relief," Plaintiff requests on all seven counts a declaration that the Plan "is obligated to pay the Plaintiff the amount due her from the Plan," a full accounting of the Plan, an order of restitution to Plaintiff and the Plan, costs, and reasonable attorney's fees. (2d Am. Compl., at 7.)

## IV. DISCUSSION

Utility Trailer's motion seeks dismissal of Counts 4 and 5. The counts are addressed in turn.

**A.** <u>**Count 4**</u>

Relying on *Varity v. Howe*, 516 U.S. 489 (1996), and post-*Varity* Eleventh Circuit case law, Utility Trailer argues that Count 4, the § 1132(a)(3) claim, fails to state a claim upon which relief can be granted because it is "based on the same factual predicate" as the § 1132(a)(1)(B) claim in Count 3. (Doc. # 16, at 2.)

In *Varity*, the Supreme Court held that § 1132(a)(3) empowered a beneficiary to bring a cause of action for breach of fiduciary duty. The Court remarked in dicta, though, that "where Congress elsewhere provide[s] adequate relief for a beneficiary's injury, there will likely be no need for further equitable

relief, in which case such relief normally would not be 'appropriate'" under § 1132(a)(3).[3]  516 U.S. at 515.

The Eleventh Circuit has interpreted *Varity*'s dicta to mean that § 1132(a)(3) is a "'catchall' provision that provides relief only for injuries that are not otherwise adequately provided for by ERSIA." *Ogden v. Blue Bell Creameries USA, Inc.*, 348 F.3d 1284, 1287 (11th Cir. 2003). "[A]n ERISA plaintiff who has an adequate remedy under Section 502(a)(1)(B) cannot alternatively plead and proceed under Section 502(a)(3)." *Id.* (citing *Katz v. Comprehensive Plan of Grp. Ins.*, 197 F.3d 1084, 1088 (11th Cir. 1999)). Additionally, the "availability of relief under Section 502(a)(3) [is] in no way dependent on the success or failure of the Section 502(a)(1)(B) claim because 'the availability of an adequate remedy under the law for Varity *purposes*, does not mean, nor does it guarantee, an adjudication in one's favor.'"[4]  *Id.* (quoting *Katz*, 197 F.3d at 1089).

The Eleventh Circuit has cautioned that, although *Varity* and *Katz* speak in terms of "relief" and "remedy," those terms do not refer to the type of relief that a

---

[3] Section 1132(a)(3) provides:

> A civil action may be brought by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of this plan.

§ 1132(a)(3).

[4] Section 502 of ERISA is codified at 29 U.S.C. § 1132.  Section 502(a)(1)(B) is, therefore, 29 U.S.C. § 1132(a)(1)(B), and § 502(a)(3) is 29 U.S.C. § 1132(a)(3).

plaintiff seeks in the complaint.  *Jones v. Am. Gen. Life & Accident Ins. Co.*, 370 F.3d 1065, 1073 (11th Cir. 2004).  Rather, the focal point of *Varity*'s inquiry for determining "whether the plaintiffs had stated a claim under [Section 1132(a)(3)], was whether the plaintiffs also had a cause of action, based on the same allegations, under [Section 1132(a)(1)(B)] or ERISA's other more specific remedial provisions."  *Id.*  The proper inquiry, therefore, is "whether the allegations supporting the Section 502(a)(3) claim [are] also sufficient to state a cause of action under Section 502(a)(1)(B), regardless of the relief sought . . . ."  *Id.*

Defendant focuses on Counts 3 and 4's identical allegations that Utility Trailer "breached its fiduciary duty when it denied benefits it owed to the Plaintiff and misappropriated them."  (Compl. ¶¶ 30, 31.)  The court must ask, though, whether the allegations supporting the § 1132(a)(3) claim in Count 4 state a cause of action under § 1132(a)(1)(B) for purposes of Count 3.[5]  As the factual predicate

---

[5] Count 3, although alleging § 1132(a)(1)(B) as an "alternative" breach-of-fiduciary claim, more appropriately is characterized as a claim alleging a denial of benefits under the Plan. (*See* 2d Am. Compl. ¶ 30 (alleging that Utility Trailer "breached its fiduciary duty when *it denied benefits it owed to the Plaintiff*")); *see also* § 1132(a)(1)(B) (providing that "[a] civil action may be brought – by a . . . beneficiary – . . . to recover benefits due to him under the terms of his plan"); *Hahnemann Univ. Hosp. v. All Shore, Inc.*, 514 F.3d 300, 309 (3d Cir. 2008) ("When a denial of 'benefits due' arises from a plan administrator's breach of its fiduciary obligations to the claimant, Sections 1132(a)(1)(B) and (d) permit the beneficiary to seek redress for the breach directly from the plan administrator as a fiduciary.").  The court treats Count 3 as a denial-of-benefits claim.  *See* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."); *see also Tabb-Pope v. SAN, Inc.*, No. 12cv2139, 2013 WL 5707327, at *7 (N.D. Ala. Oct. 21, 2013) (observing that "[t]he fact these allegations are pled as a separate 'breach of fiduciary duty' claim does not change the fact that they are a 'benefits' claim, properly pled

underlying Count 4, Plaintiff alleges that she is a beneficiary under the Plan, that Utility Trailer owed her benefits under the Plan, and that Utility Trailer's breach of its fiduciary duties resulted in the wrongful denial of her benefits. These facts are sufficient to state a cause of action under § 1132(a)(1)(B) for the recovery of benefits allegedly owed Plaintiff under the Plan. *See* § 1132(a)(1)(B) (providing that a beneficiary can bring a civil action "to recover benefits due to him under the plan"); *see also Varity*, 516 U.S. at 512 (Section 1132(a)(1)(B) "specifically provides a remedy for breaches of fiduciary duty *with respect to* the interpretation of plan documents and *the payment of claims*." (emphasis added)). On these facts, resort to § 1132(a)(3) is not necessary.

Plaintiff, whose silence is construed as a concession to Defendant's argument, fails to demonstrate that § 1132(a)(1)(B) is not an adequate statutory vehicle to pursue her claim under § 1132(a)(3) that Utility Trailer's breach of fiduciary duty resulted in the denial of her lawfully owed Plan benefits. She also fails to show, nor can the court independently conceive of a way, that her § 1132(a)(3) claim might provide "other appropriate equitable relief" for an injury that is "not otherwise adequately provided for by" § 1132(a)(1)(B). *Ogden*, 348 F.3d at 1287. Accordingly, Plaintiff cannot simultaneously pursue Counts 3 and 4

---

under § 502(a)(1)(B)"). In this regard, the redundancy of Counts 1 and 3 is acknowledged but is outside the parameters of the relief Utility Trailer presently seeks, which is the dismissal of Counts 4 and 5. Additionally, treating Count 3 as a denial-of-benefits claim does not preclude Plaintiff from seeking relief for breach of fiduciary duty: Section 1132(a)(2) provides relief for breach of fiduciary duty, and Count 2 of the Second Amended Complaint alleges such a claim.

8

for violations of § 1132(a)(1)(B) and § 1132(a)(3), respectively, and Defendant's motion to dismiss Count 4 is due to be granted.

**B.**     **Count 5**

Utility Trailer urges dismissal of Count 5 on grounds that §§ 1104 and 1105 "set forth fiduciary standards, but do not create their own enforcement mechanism."[6] (Doc. # 16, at 3.)   Again, Plaintiff offers no rebuttal to this argument.

Section 1132 is the civil enforcement mechanism for obtaining redress for ERISA violations.  Section "1104 does not grant civil enforcement for breach of fiduciary duty." *Heroux v. Humana Ins. Co.*, No. 04cv304, 2005 WL 1377854, at *4 (N.D. Ill. June 8, 2005).  "Civil enforcement is instead found in §§ 1132(a)(2) and 1109." *Id.*; *see also Keck v. Liberty Mut./Liberty Life Assur. Co. of Boston*, No. 06-13438, 2006 WL 3386760, at *1 n.1 (E.D. Mich. Nov. 21, 2006) (explaining that § 1104 "sets forth the duties of a fiduciary," that § 1109 "establishes the liability of a fiduciary for breach of its fiduciary duties," and that § 1132 "grants a participant the authority to file a civil action for relief under Section 1109"); *Clark v. Hewitt Assocs., LLC*, 294 F. Supp. 2d 946, 949 (N.D. Ill. 2003) (observing that the plaintiff "must bring a civil action for violation of

---

[6] Section 1104 requires a fiduciary to "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries."  Section 1105 sets out the circumstances under which a fiduciary is liable for a breach committed by another fiduciary with respect to a plan.

[§ 1104] under 29 U.S.C. § 1132"); *Dearmas v. Av-Med, Inc.*, 814 F. Supp. 1103, 1108 (S.D. Fla. 1993) (observing that § 1104 defines "fiduciaries' duties (the prudent man standard) and [that] § 1132 provides for the civil enforcement of ERISA rights").

Count 5 alleges breaches of fiduciary duties under §§ 1104 and 1105 but does not identify the section of ERISA's enforcement provisions that permit a cause of action. Counts 2 and 6 rely specifically, however, on § 1132(a)(2) and § 1109 as the statutory mechanism for seeking relief for Utility Trailer's alleged breaches of fiduciary duties. Without explanation from Plaintiff, it is difficult to comprehend what different or additional type of claim Plaintiff is attempting to plead in Count 5. On this record, Count 5 will be dismissed, but Plaintiff is not foreclosed from relying on §§ 1104 and 1105 as supplying the standards of fiduciary duty for purposes of Counts 2 and 6.

## V.  CONCLUSION

For the foregoing reasons, it is ORDERED that Defendant's Motion to Dismiss Counts Four and Five (Doc. # 16) is GRANTED and that Counts Four and Five are DISMISSED with prejudice.

DONE this 14th day of November, 2014.

                                                  /s/ W. Keith Watkins
                                     CHIEF UNITED STATES DISTRICT JUDGE